OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Henry A. Holdcroft, appeals the judgment of the Wyandot County Court of Common Pleas, denying his motion to vacate or set aside and modify his sentence. On appeal, Holdcroft asserts that the trial court erred and abused its discretion when it overruled his motion to vacate or set aside and modify his sentence pursuant to R.C.2941.25(A) and Crim.R. 52(B). Finding that Holdcroft's motion was untimely, we affirm the judgment of the trial court.
 {¶ 3} In November 1998, following an incident whereby Holdcroft hired another to set fire to his then-wife's automobile and residence, the Wyandot County Grand Jury indicted Holdcroft on one count of aggravated arson in violation of R.C. 2909.02(A)(3), a felony of the first degree; one count of complicity to commit aggravated arson in violation of 2923.03(A)(1), a felony of the first degree; and, one count of arson in violation of R.C. 2909.03(A)(4), a felony of the third degree. Holdcroft eventually pled not guilty to all three counts of the indictment.
 {¶ 4} In July 1999, a Wyandot County Jury convicted Holdcroft of one count of aggravated arson in violation of R.C. 2909.02(A)(3), a felony of the first degree, and one count of arson in violation of R.C.2909.03(A)(4), a felony of the third degree.[1]
 {¶ 5} In September 1999, the trial court sentenced Holdcroft to ten years in prison for the aggravated arson conviction and to five years in prison for the arson conviction, to be served consecutively. Additionally, the trial court imposed post-release control and ordered Holdcroft to pay restitution and court costs. Subsequently, Holdcroft moved for an appointment of counsel and appealed his convictions, arguing that the manifest weight of the evidence did not support the jury's verdict.[2] The trial transcript for Holdcroft's direct appeal was filed with this Court on December 15, 1999.[3]
 {¶ 6} In March 2000, this Court affirmed Holdcroft's convictions. SeeState v. Holdcroft, 3d Dist. No. 16-99-04, 2000-Ohio-1691.
 {¶ 7} In June 2000, Holdcroft moved for a new trial based upon newly discovered evidence, which the trial court denied as untimely. Subsequently, Holdcroft moved for judicial release, which the trial court also denied.
 {¶ 8} On July 13, 2006, Holdcroft moved to vacate or set aside and modify his sentence pursuant to R.C. 2941.25(A) and Crim.R. 52(B), which the trial court denied, finding that the motion was untimely and that "the issues raised have no merit as the Defendant was not convicted of allied offenses of similar import. There were separate and distinct felonies committed by the Defendant, one involving a dwelling and the other involving an automobile." (July 2006 Judgment Entry).
 {¶ 9} It is from this judgment that Holdcroft appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED AND ABUSED IT'S (SIC.) DISCRETION WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION TO VACATE OR SET ASIDE AND MODIFY THE SENTENCE IMPOSED PURSUANT TO R.C. 2941.25(A) AND CRIM.R. 52(B).
 {¶ 10} In his sole assignment of error, Holdcroft contends that the trial court erred and abused its discretion by overruling his motion to vacate or set aside and modify the sentence imposed pursuant to R.C.2941.25(A) and Crim.R. 52 committed plain error and abused its discretion in sentencing him for both offenses in violation of the Double Jeopardy clauses of the United States and Ohio Constitutions.
 {¶ 11} At the outset, we note that Holdcroft contends in his reply brief that his motion to vacate or set aside and modify his sentence does not constitute a petition for post-conviction relief Yet, his motion is essentially the equivalent of such a petition. See State v.Reynolds (1997), 79 Ohio St.3d 158, 160 (holding that, regardless of its caption, a motion is a petition for post-conviction relief where the defendant "(1) filed it subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence);State v. Hill (1998), 129 Ohio App.3d 658 (finding defendant's motion to withdraw guilty plea was really a petition for post-conviction relief under R.C. 2953.21 where time to file direct appeal had expired and argument was based on violation of constitutional rights). Thus, we will treat Holdcroft's motion to vacate or set aside and modify sentence as a petition for post-conviction relief since it was filed subsequent to his direct appeal, it is based on an alleged violation of his constitutional rights, he asserts that the judgment is void, and he requests that his sentence be vacated.
 {¶ 12} The post-conviction statute permits an offender "who claims that there was such a denial or infringement of the person's constitutional rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. R.C. 2953.21(A)(1)(a).
 {¶ 13} However, R.C. 2953.21(A)(2) mandates that motions for post-conviction relief "shall be filed no later than one-hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." Moreover, R.C. 2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the 180-day period set by R.C. 2953.21(A)(2) except under the exceptions provided in R.C. 2953.23(A)(1) and (2).
 {¶ 14} The first exception requires that a petitioner demonstrate that his asserted claim is based on a newly recognized federal or state right that arose subsequent to the 180-day period, and that "but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense * * *." R.C.2953.23(A)(1)(a)-(b). The second exception, R.C. 2953.23(A)(2), allows an untimely post-conviction appeal for certain situations involving DNA analysis.
 {¶ 15} In the case sub judice, Holdcroft filed the trial transcript in his direct appeal on December 15, 1999. Holdcroft did not file his post-conviction motion to vacate or set aside and modify his sentence until July 13, 2006, well outside of the 180-day time period under R.C.2953.21(A)(2). Accordingly, the trial court lacked jurisdiction to consider Holdcroft's motion because it was untimely. See, e.g.,State v. Young, 3d Dist. No. 8-06-15, 2006-Ohio-5968; State v.Sanders, 9th Dist. No. 22457, 2005-Ohio-4267, ¶ 10.
 {¶ 16} Moreover, neither of the R.C. 2953.23 exceptions applies to warrant a post-conviction appeal outside the 180-day time limit. With regards to the first exception, Holdcroft failed to argue or demonstrate that his claim is based on some newly recognized federal right and that his asserted claim would alter the jury's finding of guilt. Likewise, Holdcroft's case does not implicate DNA analysis so as to fall within the second exception. Thus, we find that the trial court lacked jurisdiction to entertain Holdcroft's petition for post-conviction relief and therefore properly denied Holdcroft's motion to vacate or set aside and modify his sentence as untimely.
 {¶ 17} Furthermore, even if Holdcroft's motion to vacate or set aside and modify his sentence did not constitute a petition for post-conviction relief, his underlying argument that the trial court committed plain error in sentencing him because aggravated arson and arson are allied offenses of similar import lacks merit.
 {¶ 18} Holdcroft did not raise the issue of whether aggravated arson and arson constitute allied offenses of similar import in his direct appeal; therefore, he has waived any objection except as to plain error.State v. Long (1978), 53 Ohio St.2d 91, 97 Crim.R. 52(B). A reviewing court recognizes plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990), 53 Ohio St.3d 107, 111, quotingLong, 53 Ohio St.2d 91 at paragraph three of the syllabus. Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors that he alleges. State v. Waddell (1996), 75 Ohio St.3d 163, 166, citingState v. Moreland (1990), 50 Ohio St.3d 58.
 {¶ 19} R.C. 2941.25 governs convictions for multiple counts of an indictment, and prohibits a defendant's conviction on two or more offenses charged in the indictment "[w]here the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import." R.C. 2941.25(A). In order to determine whether two separately charged offenses are of similar import, the statutory elements of the offenses must be compared in the abstract. State v.Rance, 85 Ohio St.3d 632, 1999-Ohio-291, paragraph one of the syllabus. If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 636, quotingState v. Jones, 78 Ohio St.3d 12, 13, 1997-Ohio-38. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Rance,85 Ohio St.3d at 636, citing R.C. 2941.25(B).
 {¶ 20} Here, Holdcroft was convicted of aggravated arson under R.C.2909.02(A)(3) and arson under R.C. 2909.03(A)(4). Aggravated arson under R.C. 2909.09(A)(3) is defined as the following: "[n]o person, by means of fire or explosion, shall knowingly * * * [c]reate, through the offer or acceptance of an agreement for hire or other consideration, a substantial risk of physical harm to any occupied structure." Arson under R.C. 2909.03(A)(4) is defined as follows: "[n]o person, by means of fire or explosion, shall knowingly * * * [c]ause, or create a substantial risk of, physical harm, through the offer or the acceptance of an agreement for hire or other consideration, to any property of another without the other person's consent."
 {¶ 21} Comparing the elements of the crimes, we find that they do not correspond to such a degree that the commission of one offense will necessarily result in the commission of the other. Aggravated arson requires that the offender create a substantial risk of physical harm to an occupied structure through the offer or acceptance of an agreement for hire. Conversely, arson requires that the offender create a substantial risk of physical harm to any property of another without the other person's consent through the offer or acceptance of an agreement for hire. Although both of the offenses herein involved Holdcroft's hiring of another to set fire to his then-wife's property, we find that these offenses do not constitute allied offenses of similar import since the thrust of the aggravated arson charge is the fire set upon an occupied structure, namely, Holdcroft's then-wife's house, while the thrust of the arson charge was a separate fire set upon another's personal property without consent, namely, Holdcroft's then-wife's automobile.[4] Accordingly, we find that the trial court did not commit plain error by sentencing Holdcroft for both convictions.
 {¶ 22} We also note that Holdcroft asserted that he was denied effective assistance of counsel because his trial counsel failed to object when the trial court sentenced him for both the aggravated arson and arson convictions because they are allied offenses of similar import. Based upon our finding that his convictions for aggravated arson and arson did not involve allied offenses of similar import, Holdcroft's assertion of ineffective assistance of counsel lacks merit and is barred by the doctrine of res judicata because he had different counsel for his direct appeal and could have raised the issue during that appeal. SeeState v. Houston, 73 Ohio St.3d 346, 1995-Ohio-317.
 {¶ 23} Accordingly, Holdcroft's assignment of error is overruled.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)
[1] Prior to trial, the State moved to dismiss the complicity to commit aggravated arson count on the grounds that aggravated arson and complicity to commit aggravated arson are allied offenses of similar import, which the trial court granted.
[2] Additionally, the State cross-appealed, challenging the trial court's exclusion of "other acts" evidence under Evid.R. 404(B).
[3] Although Holdcroft gave notice of his direct appeal on September 14, 1999, the court reporter was delayed in preparing the trial transcript for the appeal, necessitating an extension of time for the filing of the record on appeal. See October 22, 1999 Judgment Entry.
[4] We note that Holdcroft argues that only one fire, rather than two separate fires, was set, and that the fire set upon the automobile merely spread to the porch of the house. However, the jury determined otherwise, and it is well-settled that the weight of the evidence and credibility of witnesses is a matter primarily reserved for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.