OPINION
{¶ 1} Although originally placed on the accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant James L. Turrentine, Jr. ("Turrentine") appeals from the February 25, 2008 Order of the Court of Common Pleas, Allen County, Ohio overruling Turrentine's motion to modify his sentence.
 {¶ 3} On September 19, 2003 Turrentine pled guilty to a Bill of Information charging him with two counts of Rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. As part of the plea agreement, Turrentine and the State reached an agreed sentence of six years for each count of Rape, and three years for the single count of Gross Sexual Imposition. The agreed sentence provided for these terms be served consecutively for a total sentence of fifteen years.
 {¶ 4} On January 15, 2008 Turrentine filed a "Motion to Modify Sentence as a Matter of Law." In this motion, Turrentine argued that his sentence was contrary to law based on the United States Supreme Court decision in Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435 and the Ohio *Page 3 
Supreme Court decision in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856.
 {¶ 5} The trial court overruled Turrentine's motion on January 18, 2008. The trial court found that
 Defendant tendered pleas to 2 Counts of Rape (F-1) and 1 Count of Gross Sexual Imposition (F-3). Defendant faced a sentence of up to 25 years. By agreement of the parties, by the written plea agreement, and on the record defendant agreed to an aggregate sentence of 15 years.
 The Court made proper findings as required at the time and, regardless, the two cases cited by defendant are irrelevant since it was an "Agreed Sentence."
 {¶ 6} Turrentine filed another "Motion to Modify Sentence as a Matter of Law" on February 21, 2008. This time, Turrentine's motion argued that because he was a first time offender he should not have received consecutive sentences.
 {¶ 7} The trial court overruled Turrentine's motion on February 25, 2008, finding as follows:
 Defendant was sentenced on September 19, 2003 for:
 Count 1 — Rape (F1) (2907.02(A)(1)(b)) — 6 years Count 2 — Rape (F1) (2907.02(A)(1)(b)) — 6 years Count 3 — Gross Sexual Imposition (F3) (2907.05(A)(1)(4)) — 3 years
 Said sentences ran consecutive, for a total of 15 years. The Court mistakenly did not indicate that Counts 1 and 2 were mandatory. However, there was an agreed sentence of 6 years on each Rape charge and 3 years on the Gross Sexual Imposition. Defendant agreed to the 15 year sentence — when he, *Page 4 in fact, was facing 25 years. There was no Pre-sentence Investigation ordered because of the agreed sentence.
 Further, to arrive at 15 years, the sentences had to run consecutive.
 Defendant now brings up the argument of mitigating factors — even though he agreed, when he was facing a 25-year sentence, to a 15 year sentence.
 {¶ 8} Turrentine now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT CONSECUTIVELY FOR ALLIED OFFENSES, IN CONTRADICTION TO THE ALLIED OFFENSES DOCTRINE OF THE OHIO REVISED CODE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES, WHEN THE DEFENDANT IS A FIRST-TIME FELONY OFFENDER.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED BY FAILING TO ISSUE AN ORDER THAT A PRE-SENTENCE INVESTIGATION BE CONDUCTED PRIOR TO SENTENCING.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO MORE THAN THE MINIMUM TERM OF INCARCERATION, WITHOUT ENGAGING IN THE ANALYSIS REQUIRED BY ORC 2929.14(B).
 {¶ 9} For ease of discussion, we elect to address Turrentine's assignments of error out of order. Moreover, we elect to address his first, second, and fourth assignments of error together. Turrentine argues that the trial court erred in *Page 5 
sentencing him consecutively for allied offenses, that the trial court erred in imposing consecutive sentences on a first time offender, and that the trial court erred by sentencing him to more than the minimum sentence in contravention of R.C. 2929.14(B).
 {¶ 10} As a preliminary matter, we note that R.C. 2953.08 governs appeals based on felony sentencing guidelines and R.C. 2953.08(D)(1) specifically provides as follows:
 (D)(1) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 11} In the present case, Turrentine pled by Bill of Information to two counts of Rape and one count of Gross Sexual Imposition pursuant to a negotiated plea agreement. The agreement explicitly states that Turrentine agreed to plead guilty to both counts of Rape and the single count of Gross Sexual Imposition. Moreover, the plea agreement provided the maximum penalties for each charge, as well as that prison terms for each count would be served consecutively.
 {¶ 12} The plea agreement also stated "Agreed sentences: 6 years on each Rape [and] 3 years on Gross Sexual Imposition — Total 15 years. No pre-sentence, *Page 6 
but will order post sentence." This agreement was signed by Turrentine, his counsel, the prosecuting attorney, and the trial court judge.[1]
 {¶ 13} Accordingly, we find that a review of Turrentine's sentence is barred pursuant to R.C. 2953.08(D). See State v. Knisely
3rd Dist. No. 5-07-37, 2008-Ohio-2255. Based on the foregoing, Turrentine's first, second, and fourth assignments of error are overruled.
 {¶ 14} In his third assignment of error, Turrentine argues that the trial court erred in failing to order a pre-sentence investigation before imposing his sentence. As an initial matter, we note that Crim. R. 32.2. provides that "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." Therefore, unless a sentencing court is imposing community control or granting probation in a felony case, there is no requirement that a court order a presentence investigation. See also State v.Cyrus (1992), 63 Ohio St. 3d 164, 586 N.E.2d 94.
 {¶ 15} Moreover, as previously noted, this case involved an agreed upon plea which included joint recommendation as to sentencing. The agreed sentence specifically provided that a pre-sentence investigation would not be ordered. Accordingly, Turrentine's third assignment of error is overruled. *Page 7 
 {¶ 16} Based on the foregoing, the February 25, 2008 Order of the Court of Common Pleas, Allen County, Ohio overruling Turrentine's motion to modify his sentence is affirmed.
Judgment affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur.
[1] We note that Turrentine did not provide a copy of his sentencing transcript for our review. However, based on his signed plea and agreed upon sentence, we do not believe the transcript would reflect anything outside the "Negotiated Plea of Guilty." *Page 1