[Cite as *State v. Turrentine*, 2010-Ohio-4826.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 1-10-40

    v.

JAMES L. TURRENTINE, JR.,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2003 0372

**Judgment Affirmed**

**Date of Decision:    October 4, 2010**

APPEARANCES:

    *James L. Turrentine, Jr.*, **Appellant**

    *Jana E. Emerick* **for Appellee**

Case No. 1-10-40

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant James L. Turrentine, Jr. ("Turrentine") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to modify his prison sentence. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 19, 2003, Turrentine entered a negotiated plea of guilty to two counts of rape and one count of gross sexual imposition. As part of the plea agreement, the parties stipulated to an agreed sentence recommendation of six years in prison for each count of rape and three years in prison for the gross sexual imposition, with the sentences to run consecutively. The trial court accepted the guilty plea and sentenced Turrentine to the recommended sentence for a total sentence of fifteen years in prison.

{¶3} On January 15, 2008, Turrentine filed a motion to modify his sentence, alleging that his sentence was contrary to law because he was given more than the minimum sentence. The trial court overruled the motion on January 16, 2008. Turrentine then appealed that judgment to this court and was assigned case number 1-08-18. On appeal, Turrentine argued that the trial court erred in sentencing him to consecutive sentences for allied offenses, failed to require a pre-sentence investigation, and erred in sentencing him to more than the minimum sentence. This court overruled the assignments of error pursuant to R.C.

2953.08(D)(1), which prevents review of a sentence that is jointly recommended by the State and the defendant and is imposed by the trial court. *State v. Turrentine*, 3d Dist. No. 1-08-18, 2008-Ohio-3231 ("*Turrentine I*"). This court also held that a pre-sentence investigation was not mandated, so the trial court did not err by failing to order one. Id.

{¶4} On April 21, 2010, Turrentine again filed a motion to modify his sentence, alleging that his original sentence was invalid because they were allied offenses of similar import which should have merged upon sentencing. The trial court overruled the motion on April 23, 2010. Turrentine appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court erred by failing to engage on the record, the analysis of the offenses charged as required by R.C. 2941.25 to determine allied offenses of similar import.**

### Second Assignment of Error

**The trial court erred by failing in its mandatory duty to merge allied offenses of similar import, prior to sentencing [Turrentine].**

### Third Assignment of Error

**The trial court erred by sentencing [Turrentine] consecutively for allied offense (sic) of similar import.**

**Fourth Assignment of Error**

**The trial court abused its power and discretion, by failing to adhere to its own rulings on recidivism unlikely factors, as stated in the judgment entry or sentence, and imposed the sentences consecutively.**

**Fifth Assignment of Error**

**[Turrentine's] trial counsel failed to object to the imposition of consecutive sentences for allied offenses of similar import, and failed to move the trial court to merge the allied offenses thereby creating deficient performances and ineffective assistance of counsel.**

{**¶5**} This court notes that all five assignments of error are based upon the sentence imposed back in 2003. No direct appeal was taken from that sentence. Since the underlying motion and the appeal were filed after the time for a direct appeal had passed, claims a denial of rights, and seeks to void the judgment of sentence, the motion and the appeal are based upon a petition for post-conviction relief. *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131. Thus, we will treat the motion to modify his sentence as a petition for post-conviction relief. *State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-586, ¶11.

{**¶6**} A petition for post-conviction relief must "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * *." R.C. 2953.21(A)(2). However, if no direct appeal is taken, the petition must be filed within one hundred eighty days after the expiration of the time for the filing of the direct appeal. Id. If a defendant fails to

file a timely petition for post-conviction relief, the trial court may not consider the motion unless one of the two exceptions is met. R.C. 2953.23(A). These exceptions are 1) that there is a newly recognized federal or state right which would have precluded a finding of guilty or 2) DNA testing is now available which will establish actual innocence of the felony charged. Id. at (A)(2).

{¶7} In this case, Turrentine did not file his motion for several years, and thus did not file within the required time frame for a motion for post-conviction relief. Turrentine does not allege any new right or evidence. Instead, his only complaint is that his sentence was improperly imposed. This does not meet either of the exceptions for an untimely petition. As a matter of law, the trial court lacked jurisdiction to consider Turrentine's motion because it was untimely. See *Holdcroft,* supra.

{¶8} Even if Turrentine's motion was timely filed, the assignments of error would be barred by the doctrine of res judicata.

> **Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. As stated in 18 American Jurisprudence 2d 505, Section 33:**
>
> **'Just as the petitioner's knowledge, at the time of trial, or the error of fact relied upon, or his fault in not discovering such error previously, will bar relief under a common-law writ of**

> **error coram nobis, such factors will also bar a comparable statutory (postconviction) remedy.'**

*State v. Perry* (1967), 10 Ohio St.2d 175, 180-81, 226 N.E.2d 104. This doctrine includes all issues that either were raised or could have been raised on direct appeal. *Grava v. Parkman* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226.

{¶9} In this appeal, all of the issues raised by Turrentine could have been and should have been raised on direct appeal. They were not. Thus, they are barred by the doctrine of res judicata. In addition, the assignments of error dealing with allied offenses of similar import were previously addressed by this court in *Turrentine* I. Turrentine did not appeal that ruling to the Ohio Supreme Court. Therefore, that issue is the law of the case and need not be addressed again. For these reasons, all five assignments of error are overruled.

{¶10} The judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**