[Cite as *State v. Lynn*, 2011-Ohio-6014.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  17-11-08

    v.

RIAN LYNN,                             **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 10 CR 000138

Judgment Affirmed

Date of Decision:   November 21, 2011

APPEARANCES:

    *Mark A. Puthoff*  for Appellant

    *Ralph Bauer and Jeffrey J. Beigel*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Rian Lynn ("Lynn"), appeals the January 19, 2011 judgment of the Shelby County Court of Common Pleas, Criminal Division, denying his pre-sentence motion to withdraw his guilty plea.

{¶2} On June 24, 2010, Lynn was indicted by a Shelby County Grand Jury on two counts of rape, both felonies of the first degree and each with a sexually violent predator specification; one count of aggravated burglary, a felony of the first degree; one count of kidnapping, a felony of the first degree with the additional specification that Lynn committed the kidnapping offense with a sexual motivation and a sexually violent predator specification; and one count of abduction, a felony of the third degree.

{¶3} The charges stemmed from an incident, in which Lynn allegedly broke into the home of a thirteen-year-old girl and raped her.  Lynn subsequently pled not guilty to the charges.

{¶4} On December 7, 2010, Lynn filed a petition to enter a plea of guilty to one count of rape, a felony of the first degree with a sexually violent predator specification.  The trial court held a hearing on the matter the same day, in which it conducted a Crim.R. 11 colloquy with Lynn before he entered his guilty plea. The trial court advised Lynn that he faced a possible prison sentence of ten years to life, a fact which Lynn acknowledged on the record.  Prior to accepting his plea,

the trial court also asked Lynn if he was under the influence of medication or intoxicating substances, if he suffered from any mental illness, or if anyone threatened him to cause him to enter a guilty plea. Lynn answered no to each question. Lynn also stated on the record that he was satisfied with his counsel's representation on the matter. After Lynn entered his guilty plea, the prosecution moved to dismiss the remaining charges in the indictment. The trial court subsequently accepted Lynn's guilty plea.

{¶5} On December 29, 2010, prior to sentencing, Lynn moved to withdrawal his guilty plea, claiming that he "was under duress and undue influence from his family and friends to accept the plea agreement" and therefore his change of plea was not voluntarily given. (Mot. to Withdraw Plea Dec. 19, 2010).

{¶6} On January 13, 2011, the trial court held a hearing on Lynn's motion to withdraw his plea. Lynn was the only witness to testify.[1] On direct examination, Lynn recalled that he felt pressure from his mother and fiancée to take the plea agreement. Being nineteen-years-old, Lynn explained that he relied heavily on his mother's advice. Lynn testified that he also experienced trouble sleeping during the nights leading up to his change of plea because he was

---

[1] We note that Lynn's mother was supposed to testify, but failed to appear. There was no subpoena issued for her and no explanation given for her non-appearance. The trial court concluded that the critical issue was Lynn's state of mind at the time he entered his plea and therefore his mother's testimony was not indispensible to determining the merits of Lynn's motion to withdraw his plea.

grappling with the consequences of the decision he was about to make. Finally, Lynn stated that this was his first time in the adult felony court system and he felt overwhelmed by the entire situation.[2]

{¶7} On cross-examination, Lynn revealed that, prior to entering his guilty plea, he had been diagnosed with bipolar disorder and ADHD by a psychiatrist. While on the stand, the prosecutor had Lynn review his written petition to change his plea, and had Lynn recall each question asked by the trial court and his responses in the Crim.R. 11 colloquy. Lynn was able to verify that he understood the petition he signed to enter a change of plea and that he also understood the trial court's questions and his answers given during the change of plea hearing.

{¶8} On re-direct examination, Lynn's counsel asked him about his mental health diagnosis. Lynn testified that he had been diagnosed with bipolar disorder and ADHD at age twelve and was treated by a counselor for five years. Lynn explained that in the past he had taken medication for these conditions, but was not on medication at the time he entered his guilty plea. When asked why he did not bring his bipolar diagnosis to the trial court's attention during the Crim.R. 11 colloquy, Lynn answered that the thought mental illness was "like, mental retardation, like not all the way there. * * * I've never been in any kind of special

---

[2] Even though Lynn claims that this is his first experience with adult felony court system, the trial court noted at sentencing that Lynn has a lengthy juvenile record going as far back as age eleven and that some of those juvenile cases involved offenses of a sexual and/or violent nature.

ed. or anything like that." (Hrg. Jan. 13, 2011 at 29). However, Lynn presented no other evidence regarding his mental health besides his own recollection of his medical history. In addition, Lynn failed to present any evidence demonstrating that not being medicated for his bipolar disorder at the time he pled guilty affected his ability to voluntarily enter the plea.

{¶9} On January 19, 2011, the trial court entered its judgment denying Lynn's motion to withdrawal his guilty plea, finding it not well-taken. The trial court subsequently sentenced Lynn to serve an indefinite prison term of fifteen years to life and subject to registration as a Tier III sexual offender.

{¶10} Lynn filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT OVERRULED THE APPELLANT'S MOTION TO WITHDRAW APPELLANT'S GUILTY PLEA PRIOR TO SENTENCING.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT OVERRULED THE APPELLANT'S MOTION TO WITHDRAW APPELLANT'S GUILTY PLEA AFTER LEARNING OF APPELLANT'S HISTORY OF MENTAL ILLNESS.**

*First and Second Assignments of Error*

**{¶11}** Because Lynn's assignments of error are interrelated, we elect to address them together.

**{¶12}** On appeal, Lynn maintains that the trial court erred in denying his pre-sentence motion to withdraw his guilty plea when he testified that he felt pressured by his mother and fiancée to take the plea, that he did not sleep well during the nights preceding the change of plea hearing and that he was overwhelmed by his first encounter in the adult felony court system. Lynn also contends that the trial court did not give adequate consideration to his testimony indicating that he suffered from bipolar disorder and ADHD. Lynn argues that all of these things contributed to his guilty plea being involuntarily made.

**{¶13}** Rule 32.1 of the Ohio Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of guilty* * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a motion to withdraw a guilty plea that is filed prior to sentencing will be freely allowed. *State v. Drake* (1991), 73 Ohio App.3d 640, 598 N.E.2d 115; *State v. Thomas*, 3d Dist. No. 1-08-36, 2008-Ohio-6067, ¶ 6.

**{¶14}** However, this does not mean that a motion to withdraw a guilty plea will be granted automatically. *Drake*, at 645, 598 N.E.2d 115. "A defendant does

not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus. It is within the sound discretion of the trial court to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea and, absent an abuse of discretion, the trial court's decision on the matter must be affirmed. *Id.* at 527, 584 N.E.2d 715. An abuse of discretion is more than an error of judgment; it implies that the decision was "unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶15} Ohio Appellate Courts consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d

Dist. No. 1–10–10, 2010–Ohio–4819, ¶ 21, citing *State v. Griffin* (2001), 141 Ohio App.3d 551, 554, 752 N.E.2d 310.

{¶16} In this instant case, the trial court specifically addressed each of these factors in its entry denying Lynn's motion to withdraw his guilty plea. Lynn's primary contentions on appeal are that the trial court abused its discretion because it failed to adequately consider the reasons stated in his motion supporting the withdrawal of his plea. Notably, Lynn does not dispute the trial court's analysis with regard to the other applicable factors.

{¶17} At the hearing on his motion to withdraw his guilty plea, Lynn testified that he was diagnosed with bipolar and ADHD, and treated by a counselor for these conditions in Sidney for at least five years. However, Lynn failed to provide any documentation substantiating his claims regarding his mental health. Moreover, there is no indication in the record that Lynn had difficulty obtaining the medical records documenting his mental health history to enter as evidence for the trial court's review. The only evidence Lynn *chose* to present was his testimony, which the trial court was free to disbelieve.

{¶18} In addition, even though he argues his judgment was impaired because he was not medicated for his bipolar disorder at the time he entered his guilty plea, Lynn again fails to provide evidence to corroborate this claim. There is nothing in the record demonstrating what kind of medication Lynn was

prescribed, how long he took it for, or that failing to take the medication could affect his ability to voluntarily enter a plea.

{¶19} Finally, with regard to the other reasons set forth by Lynn in his motion, trial court concluded the following:

> **The Court finds that the reasons for the Motion are inadequate. Apparently, the Defendant has just changed his mind. The Court does not find that the influences of his mother overbore his will and decision to enter the guilty plea. He had representation of competent counsel to give him advice on the plea. Considering the multiple counts he was facing, the recommendation of counsel to plead to the negotiated charge is understandable.**

(JE, Jan. 13, 2011 at 3).

{¶20} In sum, the record in this case demonstrates that the trial court considered all the applicable factors for withdrawing the plea and the record supports the trial court's findings in that regard. Accordingly, we find no abuse of the trial court's discretion in its ultimate decision to deny Lynn's motion to withdraw his guilty plea.

{¶21} For all these reasons, Lynn's assignments of error are overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**