[Cite as *State v. Lynn*, 2017-Ohio-8355.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

RIAN LYNN,

      DEFENDANT-APPELLANT.

CASE NO. 17-17-06

O P I N I O N

Appeal from Shelby County Common Pleas Court
Criminal Division
Trial Court No. 10CR000138

**Judgment Affirmed**

**Date of Decision:  October 30, 2017**

APPEARANCES:

    *Rian Lynn* Appellant

    *Anne Bauer* for Appellee

**WILLAMOWKSI, J.**

{¶1} Defendant-appellant Rian Lynn ("Lynn") appeals the judgment of the Court of Common Pleas of Shelby County, alleging that the trial court erred by (1) engaging in impermissible judicial fact finding; (2) sentencing him under an unauthorized statute; (3) construing his motion to correct an illegal sentence as a petition for post-conviction relief; (4) failing to notify him of the mandatory requirements of R.C. 2947.23; and (5) failing to advise him of his right to a direct appeal. For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On June 24, 2010, Lynn was indicted on two counts of rape in violation of R.C. 2907.02(A)(2) with sexually violent predator specifications; one count of aggravated burglary in violation of R.C. 2911.11(A)(1); one count of kidnapping in violation of R.C. 2905.01(A)(4); and one count of abduction in violation of R.C. 2905.02(B). Doc. 1. On December 7, 2010, he pled guilty to one count of rape in violation of R.C. 2907.02(A)(2) with a specification that he was a sexually violent predator. Doc. 126. The remaining charges against Lynn were dismissed. Doc. 126. The trial court accepted his guilty plea on December 7, 2010. Doc. 127. Lynn then, on December 28, 2010, filed a motion to withdraw his guilty plea and requested that his case proceed to trial. Doc. 137. The trial court denied this motion after a hearing on January 19, 2011. Doc. 143.

{¶3} Lynn was sentenced on February 7, 2011, and was ordered to serve a prison term of fifteen years to life. Doc. 152. During the sentencing, the trial court failed to inform Lynn that this sentence included a mandatory term of post-release control. Doc. 152. He appealed the decision of the trial court on March 7, 2011. Doc. 165. *State v. Lynn*, 3d Dist. Shelby No. 17-11-08, 2011-Ohio-6014, ¶ 10. In his direct appeal, he challenged the decision of the trial court to deny his motion to withdraw his guilty plea. *Id.* On November 21, 2011, this Court affirmed the decision of the trial court. *Id.* at ¶ 21.

{¶4} Lynn filed a second motion to withdraw his guilty plea on October 21, 2013. Doc. 177. In this motion, he argued that the trial court did not impose the sentence he agreed to in his plea agreement and instead sentenced him to a fifteen-year sentence. Doc. 177. The trial court denied this motion on October 25, 2013. Doc. 178. Lynn did not file an appeal of the trial court's decision on this motion. On March 12, 2014, Lynn filed a third motion to withdraw his guilty plea in which he argued that the trial court failed to inform him of the mandatory term of post release control that was included in his sentence. Doc. 184. In response, on March 21, 2014, the trial court set a date for a resentencing hearing but denied Lynn's motion to withdraw his guilty plea. Doc. 186. At the resentencing hearing, on April 17, 2014, the trial court informed Lynn of the mandatory term of post-release control that was part of his sentence. Doc. 217. Lynn subsequently filed an appeal over the trial court's decision to dismiss his motion to withdraw his guilty plea. Doc. 223.

However, Lynn did not file his notice of appeal until May 19, 2014, making his appeal untimely. Doc. 223. Consequently, his appeal was dismissed.

{¶5} On April 14, 2016, Lynn filed a motion to vacate the judgment and withdraw his guilty plea. Doc. 232. In this motion, he argued that he had not agreed to the five years of post-release control in his plea agreement. Doc. 232. The trial court denied this motion on April 22, 2016. Doc. 234. In response to the trial court's decision, Lynn filed a notice of appeal on May 23, 2016. Doc. 240. Lynn argued that the trial court engaged in an improper reformation of his plea agreement by including the term of post-release control as part of his sentenced and, therefore, erred in denying his motion. This Court affirmed the decision of the trial court.

{¶6} On March 21, 2017, Lynn filed a motion to correct an illegal sentence with the trial court. Doc. 256. The trial court treated this motion as though it was a petition for post-conviction relief pursuant to R.C. 2953.21. Doc. 258. The trial court determined that this motion was not submitted by the deadline established by R.C. 2953.21(A)(2). The trial court "denie[d] and dismisse[d]"[1] Lynn's motion on April 10, 2017. Doc. 258. On April 20, 2017, Lynn filed notice of appeal. Doc. 265. In his brief, he lists five assignments of error, which read as follows:

---

[1] The trial court's order states that Lynn's motion was "denie[d] and dismisse[d]." Doc. 258. Since the trial court concluded that it did not have jurisdiction to consider the merits of this motion, the trial court should have simply dismissed Lynn's petition. Denying a motion generally indicates that the merits of the motion were considered. In this case, the end result is the same regardless of this language. This wording will not, therefore, affect our disposition of this case.

**First Assignment of Error**

**Trial court errored [sic] at sentencing by making unconstitutional judicial fact findings to enhance appellant's sentence to more than the minimum sentence.**

**Second Assignment of Error**

**The trial court errored [sic] by sentencing appellant under an unauthorized statue rendering his sentence contrary to law.**

**Third Assignment of Error**

**The trial court errored [sic] recasting appellant's motion into a post conviction petition in pursuant to R.C. 2953.21 and R.C. 2953.23 is not applicable to a motion challenging a void sentence.**

**Fourth Assignment of Error**

**The trial court failed to notify appellant of the mandatory requirement set forth in R.C. 2947.23.**

**Fifth Assignment of Error**

**Trial court failed to notify appellant of right to appeal.**

We will consider Lynn's third assignment of error first. We will then consider his remaining assignments of error.

*Third Assignment of Error*

{¶7} In his third assignment of error, Lynn contends that the trial court should not have construed his motion to correct an illegal sentence as a petition for post-conviction relief. He argues that the trial court erred in dismissing his motion as an untimely petition for post-conviction relief because his motion challenges his sentence on the grounds that it is void. Claiming that the trial court erred in its

determination on this matter, Lynn requests that this Court reverse and remand this case for further consideration by the trial court.

Legal Standard

**{¶8}** A motion may be a petition for post-conviction relief even if the heading says otherwise. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131, 1133 (1997). If a motion is "filed after the time for a direct appeal had passed, claims a denial of rights, and seeks to void the judgment of sentence, the motion and the appeal are based upon a petition for post-conviction relief." *State v. Turrentine*, 3d Dist. Allen No. 1-10-40, 2010-Ohio-4826, ¶ 5, citing *Reynolds*. *See State v. Coleman*, 3d Dist. Allen No. 1-15-08, 2015-Ohio-1883, ¶ 12, citing *Reynolds* at 161 (holding "the Ohio Supreme Court held that a motion that seeks to vacate or correct a sentence should be construed as a petition for post-conviction relief under R.C. 2953.21."). A motion to correct an illegal sentence has been construed as a petition for post-conviction relief in prior cases in this appellate district. *State v. Lester*, 3d Dist. Auglaize No. 2-11-20, 2012-Ohio-135, ¶ 12.

**{¶9}** "R.C. 2953.21, Ohio's postconviction-relief statute, provides 'a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.'" *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, 891 N.E.2d 1191, ¶ 24 (3d Dist.), quoting *State v. Scott-Hoover*, 3d Dist. Crawford No.3-04-11, 2004-Ohio-4804, ¶ 10. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 909 (1999). "Postconviction review is not

a constitutional right, but is a collateral civil attack on a judgment that is governed solely by R.C. 2953.21." *Keith*. at ¶ 26. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 76 (1994). "A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies." *State v. Cunningham*, 2016-Ohio-3106, 65 N.E.3d 307, ¶ 13 (3d Dist.), quoting *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶ 14.

> R.C. 2953.21(A)(2) requires that petitions for post-conviction relief
>
> **be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.**

R.C. 2953.21(A)(2).[2]  R.C. 2953.23(A)(1) contains two exceptions to this one hundred eighty-day time limit.

> **Unless the defendant alleges a new federal or state right has been recognized, the defendant must prove (1) that he was unavoidably prevented from discovery of facts upon which his successive petition for postconviction relief rests and (2) that he would not have been convicted at trial by a reasonable factfinder but for the constitutional error.**

*State v. Workman*, 3d Dist. Auglaize No. 2-17-12, 2017-Ohio-7364, ¶ 17, citing R.C. 2953.21(A)(1).

---

[2] R.C. 2953.21(A)(2) was amended to increase the timeframe for filing petitions for post-conviction relief from 180 days to 365 days. This revision was effective on March 23, 2015. However, Lynn's was sentenced prior to these revisions.

Legal Analysis

**{¶10}** In this case, the record shows that Lynn's motion to correct an illegal sentence was filed on March 21, 2017, which was after his direct appeal. Doc. 256. In this motion, he claims that his rights were denied and that his sentence should, as a consequence, be voided. Doc. 256. *See Lynn, supra*. Thus, the trial court properly construed Lynn's motion to correct an illegal sentence as a petition for post-conviction relief. *See Lester, supra*, at ¶ 12, citing *State v. Holdcroft*, 3d Dist. Wyandot No. 16-06-07, 2007-Ohio-586, ¶ 11; *State v. Turrentine*, 3d Dist. Allen No. 1-10-40, 2010-Ohio-4826, ¶ 5; *State v. Wyerick*, 3d Dist. Mercer No. 10-07-23, 2008-Ohio-2257.

**{¶11}** The record also shows that the transcript of Lynn's appeal was filed at the court of appeals for his direct appeal on April 18, 2011. Doc. 173. Thus, Lynn filed this petition more than one year after the transcript was filed in the court of appeals for his direct appeal, making his petition fall outside of the statutory timeframe allowed for petitions for post-conviction relief.[3] Doc. 256. Lynn also filed his petition more than one year after the time had expired for filing a direct appeal of any issues arising from his resentencing hearing, which was held on April 17, 2014. Doc. 217. Lynn also does not allege that he has found new evidence or that he would not have been convicted but for a constitutional error at trial. For

---

[3] Thus, his petition was filed outside of the 180-day timeframe that was required by R.C. 2953.21(A)(2) at the time he was sentenced and was filed outside of the 365-day timeframe that is currently required by revised R.C. 2953.21(A)(2).

these reasons, Lynn's petition for post-conviction relief was not timely filed. Thus, the trial court did not have jurisdiction to consider this petition and properly dismissed his motion.

{¶12} We also note that the issues raised in Lynn's motion were based upon facts in the record and were, therefore, available for review during his direct appeal. These issues were not raised during his direct appeal. Thus, even if his petition for post-conviction relief was timely filed, these issues would be barred from review by the doctrine of res judicata. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 16-17. Further, Lynn raised many of these same issues in previous motions that were submitted to the trial court. He appealed the denial of one of these motions, but these issues were not considered on appeal pursuant to the filing restrictions of R.C. 2953.21(A)(2) and the doctrine of res judicata. For these reasons, Lynn's third assignment of error is overruled.

*Remaining Assignments of Error*

{¶13} Since the trial court did not err in dismissing Lynn's petition without considering the merits of his arguments, the resolution of Lynn's third assignment of error makes the issues raised in his remaining assignments of error moot. For this reason, this Court declines to address the questions raised in his first, second, fourth, and fifth assignments of error pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶14}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Shelby County is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**