[Cite as *State v. Draughon*, 2014-Ohio-1460.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

     Plaintiff-Appellee,                          :

                                        No. 13AP-345

v.                                                      :        (C.P.C. No. 97CR-1733)

Mickey L. Draughon,                                     :        (REGULAR CALENDAR)

     Defendant-Appellant.                         :

---

D E C I S I O N

Rendered on February 20, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Mickey L. Draughon*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Mickey L. Draughon, pro se, appeals from the decision of the Franklin County Court of Common Pleas denying his January 22, 2013 "Motion for Resentence." For the following reasons, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} On March 28, 1997, appellant was charged in a six-count indictment with one count each of aggravated burglary, aggravated robbery, rape, kidnapping, and two counts of robbery. Relevant to this appeal, the rape count included a sexually violent predator specification. Following a jury trial, appellant was convicted on all counts of the indictment except the charge of aggravated robbery. The trial court subsequently found

appellant guilty of the sexually violent predator specification, and appellant's sentence was enhanced accordingly.

{¶ 3} Appellant filed a direct appeal, and this court affirmed the convictions. *State v. Draughon*, 10th Dist. No. 97APA11-1536 (Sept. 1, 1998). We subsequently denied appellant's App.R. 26(B) application for reopening. *State v. Draughon,* 10th Dist. No. 97APA11-1536 (Dec. 31, 1998) (memorandum decision). Thereafter, the Supreme Court of Ohio denied appellant's motion to file a delayed appeal. *State v. Draughon,* 84 Ohio St.3d 1473 (1999). Appellant then filed an untimely motion for postconviction relief, which the trial court denied. *State v. Draughon*, Franklin C.P. No. 97CR03-1733 (Nov. 16, 2000).

{¶ 4} "On January 13, 2011, appellant filed a 'Motion to Vacate and Discharge,' claiming that his original sentence was void." *State v. Draughon*, 10th Dist. No. 11AP-703, 2012-Ohio-1917, ¶ 4 ("*Draughon II*"). Subsequently, "on September 2, 2011, appellant filed a 'Motion to Vacate Sentence,' asserting again that his original sentence was void." *Id.* at ¶ 5. The trial court denied appellant's motions, and on December 16, 2011, we considered appellant's consolidated appeal. Germane to this appeal, appellant assigned as error that "[t]he trial court abused it's [sic] discretion when it denied the appellant's motion to vacate and discharge for rendering a sentence enhancement that is contrary to law and subject[-]matter jurisdiction." *Id.* at ¶ 7. Specifically, appellant claimed:

> [T]hat the trial court lacked the statutory authority to enhance appellant's sentence on the rape offense because: (1) his 1984 rape conviction could not support the sexually violent predator specification, as it occurred prior to the enactment of R.C. 2971.01, and (2) the trial court was precluded by the Supreme Court of Ohio's decision in *State v. Smith,* 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283 from using the underlying rape conviction to support the sexually violent predator specification.

*Id.* at ¶ 19.

{¶ 5} In affirming the decision of the trial court and considering the merits of appellant's arguments, we stated "this court has held that *Smith* does not apply retroactively to closed cases" and determined "at the time appellant was convicted and

sentenced, the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the indictment." *Id.* at ¶ 24.

{¶ 6} Nonetheless, on January 22, 2013, appellant filed a "Motion for Resentence." Appellant argued that the trial court imposed an enhanced sentence on the rape count without properly securing a qualifying prior conviction to support the attached sexually violent predator specification. Appellee responded and, citing our decision in *Draughon II*, argued appellant's claims are barred by res judicata. Appellant filed a reply. In denying appellant's motion, the trial court determined, "[t]his is the third motion of this type to be filed by Defendant. As it did in regards to Defendant's previous two motions, the Court finds the present motion to be unpersuasive." (Decision and Entry Denying Defendant's Motion for Resentence, Filed January 22, 2013.) This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant brings the following assignments of error for our review:

[I.] The trial court abused its discretion and structurally erred, by failing to exercise its subject-matter jurisdiction to vacate the unlawful sentence enhancement imposed in contravention to statutory authority and the *law-of-the-case doctrine.*

[II.] The trial court plainly erred, to the appellant's prejudice, by failing to vacate the unlawfully enhanced sentence through the *retrospective application* of the *Smith* intervening decision.

[III.] The trial court deprived Appellant of his equal protection of the laws guarantee when imposing an enhanced sentence absent sufficient evidence to satisfy every element defined by statute.

(Emphasis sic.)

## III. STANDARD OF REVIEW

{¶ 8} Where a criminal defendant files a "motion for sentencing" arguing a denial of rights and seeking to void a judgment and vacate sentencing subsequent to his or her direct appeal, the motion will be treated as a petition for postconviction relief. *State v. Bankston*, 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 7, citing *State v. Holdcroft*, 3d

Dist. No. 16-06-07, 2007-Ohio-586, ¶ 11. Thus, we construe appellant's "motion for resentencing" as a petition for postconviction relief.

{¶ 9} The appropriate standard for reviewing a trial court's decision to dismiss a petition for postconviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 9. This court must apply a manifest-weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

## IV. DISCUSSION

{¶ 10} As appellant's first, second, and third assignments of error are interrelated, we address them together.

{¶ 11} In appellant's first assignment of error, he argues "that the *law-of-the-case doctrine* mandated that the trial court correct the unlawfully enhanced sentence imposed upon Appellant because of the Ohio Supreme Court's intervening decision in *Smith* interpreting R.C. 2971.01(H)(1)." (Emphasis sic.) (Appellant's brief, 13.) In appellant's second assignment of error, he asserts the trial court committed plain error in failing to retroactively apply *Smith* to his case. Finally, in appellant's third assignment of error, he argues the trial court violated his "constitutional guarantee of equal protection" because there was insufficient evidence to enhance his sentence for rape. (Appellant's brief, 18.) In response, appellee argues that "[t]his Court has already rejected [appellant's] arguments in *State v. Draughon,* 2012-Ohio-1917," and, thus, appellant's assignments of error are barred by res judicata. (Appellee's brief, 2.)

{¶ 12} "Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Wooden*, 10th Dist. No. 02AP-473, 2002-Ohio-7363, ¶ 19. "Res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 10.

{¶ 13} Upon review, we find the subject matter of appellant's current assignments of error was previously litigated and decided in *Draughon II*. In *Draughon II,* appellant argued, relevant to this appeal, that R.C. 2971.01(H)(1), as interpreted by *Smith*, barred

the enhancement of his rape sentence. In that case, we stated "this court has held that *Smith* does not apply retroactively to closed cases" and determined "at the time appellant was convicted and sentenced, the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the indictment." *Draughon II* at ¶ 24. Moreover, appellant concedes that both the instant appeal and *Draughon II* arise from the trial court's enhancement of the sentence imposed on his rape conviction.

{¶ 14} Finally, appellant's present assignments of error advance nearly identical arguments to those asserted and decided in *Draughon II*. Thus, because we have already issued a valid, final judgment upon the merits of this issue, consideration of appellant's present assignments of error are barred by the doctrine of res judicata.

{¶ 15} Accordingly, we overrule appellant's three assignments of error.

## V. CONCLUSION

{¶ 16} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____