[Cite as *State v. Draughon*, 2017-Ohio-7741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-149 |
| v. | : | (C.P.C. No. 97CR-1733) |
| Mickey L. Draughon, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 21, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Mickey L. Draughon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Mickey L. Draughon, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to waive or suspend court costs. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} In 1997, a Franklin County Grand Jury indicted appellant with counts of aggravated burglary, aggravated robbery, robbery, rape, and kidnapping. A jury found him guilty of all counts and the trial court sentenced him accordingly. As relevant here, the trial court's judgment entry indicated that "the total court costs are to be determined. The defendant shall not pay the total costs of this prosecution." A costs bill prepared by the clerk of courts days after the trial indicated that court costs were $458.30 and that the

costs were suspended. Thus, the costs bill indicated a total of fines and costs now due of zero. On appeal, this court affirmed appellant's convictions. *State v. Draughon*, 10th Dist. No. 97AP-1536 (Sept. 1, 1998).

{¶ 3} Appellant has filed numerous postconviction motions in the trial court. *See State v. Draughon*, 10th Dist. No. 11AP-703, 2012-Ohio-1917; *State v. Draughon*, 10th Dist. No. 13AP-345, 2014-Ohio-1460. Relevant here, however, is the motion to waive or suspend costs he filed on December 22, 2016. In that motion, appellant argued that the trial court, at his 1997 sentencing, did not properly deal with the issue of court costs and that as a result, his sentence was contrary to law and, therefore, he should be resentenced. He also requested the trial court to waive court costs.

{¶ 4} In its decision denying appellant's motion, the trial court noted that it had already suspended all costs but, just to "clear up any confusion in this matter, the Court hereby officially states that costs in this matter are suspended."

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following errors:

[1.] The Trial Court erred when it made a Decision and Entry denying the Defendant's Motion to Suspend Costs, as it had not suspended the costs in this matter previously, and its action to state that costs are suspended does not suffice as an Order on the Record to suspend such costs.

[2.] The Trial Court erred as a matter of law when it denied Appellant's Motion to Suspend Costs and to Vacate Sentence as the sentence as originally imposed did not comply with the statutory requirements of R.C. 2947.23, not the requirements of Criminal Rule 43(A), which rendered the sentence void.

{¶ 6} Because appellant's two assignments of error both address the issue of court costs, we will address them together.

{¶ 7} R.C. 2947.23(A)(1) governs the imposition of costs in criminal cases and provides in relevant part, "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." The trial court, pursuant to R.C. 2947.23(C), "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution,

including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶ 8} Appellant argues that the trial court erred by not discussing court costs at his original sentencing hearing in 1997 and by not including specific court costs language in his 1997 sentencing entry. He argues further that the trial court's subsequent attempts to cure that failure were ineffective and would also violate Crim.R. 43(A), which requires the defendant's presence at every stage of the trial, including sentencing. Appellant argues that this failure renders his sentence void and seeks a resentencing. We disagree.

{¶ 9} Appellant's argument that his 1997 sentence is void because the trial court did not advise him of court costs in his 1997 sentencing hearing or include specific court costs language in his 1997 sentencing entry is barred by res judicata. The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Watkins*, 10th Dist. No. 16AP-581, 2017-Ohio-1141, ¶ 9, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Appellant could have raised the issue of court costs in his direct appeal from his convictions. He did not. This failure bars his attempt to litigate the issue here. We recognize that an exception to the application of res judicata applies to void judgments. *Watkins* at ¶ 10; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30. However, the argument appellant presents in this appeal would not render the trial court's judgment void. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22; *State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 12.

{¶ 10} In addition, as the trial court made clear in its decision, court costs are suspended in this matter. Therefore, even if the trial court erred in how it determined and/or suspended court costs, that error is of no consequence because appellant suffered no harm. Crim.R. 52(A); *State v. Nelson*, 8th Dist. No. 104795, 2017-Ohio-6883, ¶ 89 (harmless error analysis applies). Again, the trial court suspended court costs. Appellant has received the relief he requested in his motion.

## III. Conclusion

{¶ 11} We reject appellant's arguments, overrule his two assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.