[Cite as *State v. Draughon*, 2019-Ohio-1461.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

    Plaintiff-Appellee,                          :

                                                     No. 18AP-709
v.                                                      :        (C.P.C. No. 97CR-1733)

Mickey L. Draughon,                                     :        (REGULAR CALENDAR)

    Defendant-Appellant.                         :

---

D E C I S I O N

Rendered on April 18, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Pritchard*, for appellee.

**On brief:** *Mickey L. Draughon,* pro se.

---

APPEAL from the Franklin County Court of Common Pleas

HANDWORK, J.

{¶ 1} Defendant-appellant, Mickey L. Draughon, pro se, appeals from the decision of the Franklin County Court of Common Pleas denying his "Motion to Vacate and Set Aside Sentence." For the following reasons, we affirm the judgment of the trial court.

## I. Background

{¶ 2} On March 28, 1997, appellant was indicted by the Franklin County Grand Jury on one count of aggravated burglary, in violation of R.C. 2911.11, one count of aggravated robbery, in violation of R.C. 2911.01, two counts of robbery, in violation of R.C. 2911.02, one count of rape, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. The aggravated burglary, aggravated robbery, rape and

kidnapping counts included repeat violent offender specifications and the rape count also included a sexually violent predator specification.

{¶ 3}   Appellant waived his right to a jury trial on all of the specifications and the trial court conducted a jury trial on the charges.   The trial court granted appellant's Crim.R. 29 motion to dismiss the aggravated robbery charge.   The jury found appellant guilty of the remaining charges.   The trial court found appellant guilty of the specifications.   "The trial court sentenced appellant as follows:   ten years for the aggravated burglary; five years for the two counts of robbery (the two robberies merged for purposes of sentencing); and ten years to life for the rape conviction and the kidnapping conviction (the rape and kidnapping convictions merged for purposes of sentencing).  The trial court ordered the sentences to run concurrent with each other, with an additional ten years because appellant was a repeat violent offender."   *State v. Draughon*, 10th Dist. No. 97APA11-1536 (Sept. 1, 1998).

{¶ 4}   In his direct appeal, this court affirmed the convictions.  *Id.*  Subsequently, this court denied appellant's App.R. 26(B) application for reopening.  *State v. Draughon*, 10th Dist. No. 97APA11-1536 (Dec. 31, 1998) (memorandum decision).   The Supreme Court of Ohio denied appellant's motion to file a delayed appeal.  *State v. Draughon*, 84 Ohio St.3d 1473 (1999).   In October 2000, appellant filed an untimely motion for postconviction relief, which the trial court denied in November 2000.  *State v. Draughon*, Franklin C.P. No. 97CR03-1733 (Nov. 16, 2000).

{¶ 5}   On January 13, 2011, appellant filed a "Motion to Vacate and Discharge," claiming that his original sentence was void, was not a final, appealable order, and failed to comply with Crim.R. 32(C).   The trial court denied appellant's motion.   On September 2, 2011, appellant filed a "Motion to Vacate Sentence," asserting again that his original sentence was void, was not a final, appealable order, and failed to comply with Crim.R. 32(C).  The trial court denied appellant's motion.  This court consolidated the appeals from these two motions and affirmed the trial court in both appeals.  *See State v. Draughon*, 10th Dist. No. 11AP-703, 2012-Ohio-1917.

{¶ 6}   On January 22, 2013, appellant filed a "Motion for Resentence."   Appellant argued that the trial court imposed an enhanced sentence on the rape count without properly securing a qualifying prior conviction to support the attached sexually violent

predator specification. The trial court denied the motion. On appeal, this court determined that appellant's arguments had been previously litigated and decided in *Draughon*, 2012-Ohio-1917. Having already issued a valid, final judgment on the merits of the issues appellant raised, this court found appellant's arguments were barred by the doctrine of res judicata and affirmed the judgment of the trial court. *See State v. Draughon*, 10th Dist. No. 13AP-345, 2014-Ohio-1460.

{¶ 7} Appellant filed a motion to waive or suspend costs, arguing that the trial court, at his 1997 sentencing, did not properly deal with the issue of court costs and that as a result his sentence was contrary to law and, therefore, he should be resentenced. He also requested that the trial court waive court costs. The trial court suspended all costs. However, appellant appealed and this court found that the argument appellant presents would not render the trial court's judgment void and since the court costs were suspended, any possible error was of no consequence because appellant suffered no harm. This court affirmed the judgment of the trial court. *See State v. Draughon*, 10th Dist. No. 17AP-149, 2017-Ohio-7741.

{¶ 8} On June 18, 2018, appellant filed the present "Motion to Vacate and Set Aside Sentence." In the motion, appellant argued that he must be resentenced because his sentence was contrary to law in that he could not be convicted of the sexually violent predator specification. The trial court denied appellant's motion.

## II. Assignments of Error

{¶ 9} Appellant filed a notice of appeal and raised the following assignment of error for our review:

> The [trial] court commits prejudicial error when it never adjudicates the defendant as a Sexual Predator as required by Ohio Revised Code 2971.02.

## III. Standard of Review

{¶ 10} In *Draughon*, 2014-Ohio-1460, ¶ 8-9, we stated that: "Where a criminal defendant files a 'motion for sentencing' arguing a denial of rights and seeking to void a judgment and vacate sentencing subsequent to his or her direct appeal, the motion will be treated as a petition for postconviction relief. *State v. Bankston*, 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 7, citing *State v. Holdcroft,* 3d Dist. No. 16-06-07, 2007-Ohio-586."

Thus, we construe appellant's "Motion to Vacate and Set Aside Sentence" as a petition for postconviction relief.

{¶ 11} The appropriate standard for reviewing a trial court's decision which dismissed a petition for postconviction relief without an evidentiary hearing, involves a mixed question of law and fact. *State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 9. This court applies a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we review the trial court's legal conclusions de novo. *Id.*

## IV. Discussion

{¶ 12} In his "Motion to Vacate and Set Aside Sentence," appellant argued that he must be resentenced because he could not be convicted of the sexually violent predator specification because the trial court did not properly determine that he was a sexually violent predator.

{¶ 13} Appellee argues that this court has already rejected appellant's arguments and thus, his assignment of error is barred by res judicata. "Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Wooden*, 10th Dist. No. 02AP-473, 2002-Ohio-7363, ¶ 19. The doctrine of "[r]es judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 10.

{¶ 14} This court rejected appellant's argument in our 2012 decision, *Draughon*, 2012-Ohio-1917. In that case, we held as follows:

> In his second assignment of error, appellant contends his original sentence was void because the trial court erroneously imposed a sentence of ten years to life on the rape offense. Appellant specifically claims that the trial court lacked the statutory authority to enhance appellant's sentence on the rape offense because: (1) his 1984 rape conviction could not support the sexually violent predator specification, as it occurred prior to the enactment of R.C. 2971.01, and (2) the trial court was precluded by the Supreme Court of Ohio's decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283 from using the

underlying rape conviction to support the sexually violent predator specification.

As outlined above, the rape charge in the indictment carried a sexually violent predator specification pursuant to R.C. 2941.148. After the jury found appellant guilty of rape, the trial court found appellant to be a sexually violent predator as charged in the indictment. Thus, the trial court, pursuant to R.C. 2971.03(A)(3), enhanced appellant's sentence for the rape, imposing a prison term of ten years to life, instead of a definite prison term of three to ten years prescribed for rape. *See* R.C. 2929.14(A)(1).

R.C. 2971.03(A) mandates an enhanced sentence upon a guilty verdict or plea on a rape offense if the offender also "is convicted of or pleads guilty to a sexually violent predator specification that was included in the count of the indictment * * * charging that offense." In 1997, when appellant was sentenced, R.C. 2971.01(H)(1) defined a "sexually violent predator" as "a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." "Rape is a 'sexually violent offense.' " *State v. Haynes*, 10th Dist. No. 01AP-430, 2002-Ohio-4389, citing R.C. 2971.01(G) and (L). Thus, appellant's 1984 rape conviction could not be used to demonstrate that appellant had been convicted of a sexually violent offense for purposes of proving the sexually violent predator specification because the conviction predated the January 1, 1997 cutoff date in R.C. 2971.01(H)(1).

However, at the time of appellant's conviction and sentencing in 1997, the trial court was not precluded from using the underlying rape conviction to satisfy the sexual predator specification. Ohio courts had not uniformly interpreted R.C. 2971.01(H)(1) to require a prior conviction to satisfy the specification. Indeed, this court construed the statute to permit satisfaction of a sexually violent predator specification through contemporaneous conviction of a sexually violent offense. For example, in *Haynes*, this court upheld a trial court's finding that the defendant was a sexually violent predator based upon conduct alleged in the indictment that contained the sexually violent predator specification. *Id.* at ¶ 82-96. We concluded as such even though the defendant had no "prior history of conviction for sexually oriented offenses." *Id.* at ¶ 90. Under the

construction employed in *Haynes*, the trial court could have adjudged appellant to be a sexually violent predator because he was convicted of committing rape, a sexually violent offense, after January 1, 1997.

In December 2004, the Supreme Court of Ohio decided *Smith*, which held that a "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." *Id.* at syllabus. The court based its holding on its interpretation of R.C. 2971.01(H)(1) to require that a sexually violent predator specification be supported by a sexually violent offense "conviction * * * that [had] existed prior to the * * * indictment" charging the specification. *Id.* at ¶ 27.

Appellant urges that *Smith* applies to his case and, therefore, the trial court erroneously found him guilty of the specification because the underlying rape conviction did not predate the indictment. However, this court has held that *Smith* does not apply retroactively to closed cases. *State v. Haynes*, 10th Dist. No. 01AP-430 (Jan. 26, 2006) (memorandum decision). Accordingly, at the time appellant was convicted and sentenced, the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the indictment.

Because the trial court properly imposed a sentence of ten years to life on his rape conviction, the trial court did not err in denying his motion to vacate and discharge on this issue. The second assignment of error is overruled.

*Id.* at ¶ 19-25.

{¶ 15} Appellant again raised this issue in a subsequent motion and an appeal from the trial court's denial of that motion. *Draughon*, 2014-Ohio-1460. Appellant claimed that the trial court was precluded by *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, from using the underlying rape conviction to support the sexually violent predator specification. Because this court has held that *Smith* does not apply retroactively to closed cases and because this court found "the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the

indictment," *Draughon*, 2012-Ohio-1917, at ¶ 24, this court found appellant's arguments were barred by res judicata. *Draughon*, 2014-Ohio-1460.

{¶ 16} Pursuant to his motion, appellant presents nearly identical arguments as those he has previously raised multiple times. Thus, because we have already issued a valid, final judgment on the merits of this issue, consideration of appellant's arguments are barred by the doctrine of res judicata.

{¶ 17} In his brief to this court, appellant attempts to also argue that the trial court never adjudicated him a sexual predator. Appellee argues that the trial court conducted a hearing on October 9, 1997 and found appellant to be a sexual predator.

{¶ 18} The indictment contained a rape count with a sexually violent predator specification. Appellant waived his right to a jury trial in writing on all the specifications. The trial court found him guilty. The trial court conducted a hearing on October 9, 1997 and found appellant guilty of the specifications and adjudicated him a sexual predator. (*See* Dec. 31, 1999 Tr. at 97-103.) The trial court filed an entry to that effect on October 16, 1997. The trial court found, "For the reasons stated on the record at the conclusion of that hearing, the Court determines by clear and convincing evidence that the defendant, Mickey Draughon is a sexual predator." (Oct. 16, 1997 Entry.) Thus, the trial court did adjudicate appellant a sexual predator despite appellant's arguments to the contrary. Appellant's assignment of error is overruled.

## V. Conclusion

{¶ 19} For the foregoing reasons, appellant's assignment of error is overruled. Appellant's arguments raised in his motion are barred by res judicata and the trial court did adjudicate appellant a sexual predator. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ. , concur.

HANDWORK, J., retired, of the Sixth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____