[Cite as *In re Settlement for Fischer*, 2019-Ohio-4749.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J. |
| MINOR SETTLEMENT FOR | Hon. Craig R. Baldwin, J. |
| TRAVIS FISCHER | Case No. 19AP0002 |
|  | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 09PMS0059 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 18, 2019 |

APPEARANCES:

For Appellee

CINDY M. O'NEIL
ASSISTANT PROSECUTOR
19 East Main Street
McConnelsville, Ohio 43756

For Appellant

TRAVIS FISCHER, PRO SE
LEBANON CORR. INSTITUTION
P.O. Box 56
Lebanon, Ohio 45036

*Wise, P. J.*

{¶1} Appellant Travis Fischer appeals the decision of the Morgan County Court of Common Pleas, Probate Division, which denied his motion to vacate a 2010 judgment entry directing certain settlement funds to be applied to outstanding court costs and other fees in three other cases. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2} In April 2008, appellant, a minor at the time, was injured as a passenger in an automobile accident. Appellant's attorney for his subsequent personal injury claim filed an application to settle a minor's claim (R.C. 2111.05 and 2111.18) in the Morgan County Probate Court on June 12, 2009. According to said application and other probate court documents, Progressive Insurance Corporation made a settlement offer of $12,500.00. On June 29, 2009, the probate court issued an "entry approving settlement," ordering *inter alia* the net amount of $4,102.86 to be deposited in the name of appellant.

{¶3} In July 2009, the Morgan County Grand Jury indicted appellant (common pleas case number 09CR0032) on three counts of aggravated murder, one count of rape, one count of aggravated robbery, and several other counts. On November 4, 2009, appellant entered pleas of guilty to aggravated murder, rape, aggravated burglary, grand theft (motor vehicle), and arson. On the same day, he was sentenced *inter alia* to thirty years to life in prison.

{¶4} On March 16, 2010, the Morgan County Probate Court (case number 09PMS0059) issued a judgment entry further addressing the aforementioned settlement funds. The court first found that the First National Bank of McConnelsville was holding the sum of $4,115.11 in a savings account in appellant's name, which were due to be

released to him upon the age of majority.[1] The court then found that appellant owed outstanding court costs and/or indigent attorney fees in three other cases, including 09CR0032, *supra*. It further ordered as follows:

> Therefore, the court hereby orders and directs that the First National Bank of McConnelsville, Ohio release Savings Account No. xxxxxx in the amount of $4,115.11 plus accrued interest, and that said account shall be disbursed in two separate checks, one being payable to the Morgan County Juvenile Court in the amount of $1,012.71 in payment of costs and attorney fees in Case No. 09JB0028 and 09JA0080, and the second, in the amount of the remaining balance to the Clerk of Courts of the Common Pleas Court of Morgan County as a payment on costs due and owing in Case No. 09CR0032. The Clerk of Courts of the Common Pleas Court is directed to apply said sum first to court costs, secondly, to court fines, and the remaining balance to be applied to incarceration fees.

{¶5} "Journal Entry," March 16, 2010, at 1.

{¶6} On March 25, 2019, more than nine years later, appellant filed a *pro se* motion to vacate the aforesaid judgment entry ordering disbursement of funds.

{¶7} The probate court issued a judgment entry on May 8, 2019, finding the "matter [had] been previously decided" and therefore denying the motion to vacate.

{¶8} Appellant filed a *pro se* notice of appeal on June 3, 2019. He herein raises the following sole Assignment of Error:

---

[1] Appellant had reached the age of eighteen in September 2009.

**{¶9}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE THE MARCH 16, 2010 JUDGMENT AND REIMBURSING [SIC] APPELLANT THE SUM OF $4,115.11."

I.

**{¶10}** In his sole Assignment of Error, appellant contends the probate court erred in declining to vacate its 2010 judgment entry directing the application, toward prior court costs, of $4,115.11 in funds which had been deposited in appellant's name. We disagree.

**{¶11}** Collateral or indirect attacks on civil judgments are disfavored in Ohio and they will succeed only in very limited situations. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22 (2007). "Under Ohio law, the doctrine of *res judicata* is that an existing, final judgment or decree, rendered upon the merits and without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Hoff v. Brown,* 5th Dist. Stark No. 2000CA00315, 2001 WL 876228, citing 63 Ohio Jurisprudence 3d (1985) 178–179, Judgments, Section 400. Generally, the applicability of *res judicata* is a question of law, which an appellate court reviews *de novo. See EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 249, 841 N.E.2d 855, 2005–Ohio–5799.

**{¶12}** We first note that appellant does not appear to propose that the 2010 disbursement entry in the case *sub judice* was not a final order. A judgment entry that "clearly contemplates further action in the probate court before approval or settlement of the final account" does not constitute a final appealable order. *In re Estate of Robison*, 10th Dist. Franklin No. 17AP-232, 2017-Ohio-8980, ¶ 26. But in this instance, the 2010

entry did *not* contemplate further probate court action, and in fact nothing else is found in the probate court file between said 2010 entry and appellant's 2019 motion to vacate, except a carbon copy of two cashier's checks. Therefore, we first find that the 2010 probate court judgment entry ordering disbursement of settlement funds was a final appealable order.

**{¶13}** Nonetheless, appellant in essence relies on a theory that the 2010 disbursement entry was a void judgment, subject to his motion to vacate, urging that his personal injury proceeds were exempt from collection for court costs under R.C. 2329.66(A)(12)(c). We recognize that an exception to the application of *res judicata* applies to void judgments. *See State v. Draughon*, 10th Dist. Franklin No. 17AP-149, 2017-Ohio-7741, ¶ 9. Generally, however, judgments that are erroneous for other than jurisdictional reasons are merely voidable and not subject to collateral attack. *See O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, ¶ 24, citing *State ex rel. Beil v. Dota,* 168 Ohio St. 315, 319–320, 154 N.E.2d 634 (1958).

**{¶14}** We find appellant's aforesaid legal theory is in actuality an attempt to raise an untimely error of law regarding the probate court's 2010 disbursement, rather than a true jurisdictional challenge thereto. Therefore, his "void judgment" argument must fail. As such, we hold appellant's present claims could have been raised upon a direct appeal in 2010 and are presently barred by the doctrine of *res judicata*.

**{¶15}** Accordingly, we hold the probate court did not commit reversible error in denying appellant's 2019 motion to vacate the 2010 judgment entry.

{¶16} Appellant's sole Assignment of Error is overruled.

{¶17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Morgan County, Ohio, is hereby affirmed.


By: Wise, John, P. J.

Delaney, J., and

Baldwin, J., concur.



JWW/d 1101