[Cite as *State v. Draughon*, 2022-Ohio-3443.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 22AP-182 |
| | | (C.P.C. No. 97CR-1733) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mickey L. Draughon, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 29, 2022

**On brief**: [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Sheryl L. Prichard*, for appellee.

**On brief**: *Mickey L. Draughon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

McGRATH, J.

{¶ 1} This is an appeal by defendant-appellant, Mickey L. Draughon, from a judgment of the Franklin County Court of Common Pleas denying his motion for a nunc pro tunc order and motion to vacate and set aside a portion of his sentence.

{¶ 2} On March 28, 1997, appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11, one count of aggravated robbery, in violation of R.C. 2911.01, two counts of robbery, in violation of R.C. 2911.02, one count of rape, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. The counts charging him with aggravated burglary, aggravated robbery, rape, and kidnapping all included the specification that appellant was a repeat violent offender, and the rape count

also included a specification, pursuant to R.C. 2941.148, that appellant "is a sexually violent predator."

{¶ 3} The case was tried before a jury, but the specifications were tried separately to the court. Following the trial, the jury returned verdicts finding appellant guilty of one count of aggravated burglary, two counts of robbery, one count of rape, and one count of kidnapping. The court found appellant guilty of all the related specifications (the "repeat violent offender specifications" and the "sexually violent predator specification"). The trial court sentenced appellant to "ten years for the aggravated burglary; five years for the two counts of robbery (the two robberies merged for purposes of sentencing); and ten years to life for the rape conviction and the kidnapping conviction (the rape and kidnapping convictions merged for purposes of sentencing." *State v. Draughon,* 10th Dist. No. 97APA11-1536 (Sept. 1, 1998) ("*Draughon I*"). The court "ordered the sentences to run concurrent with each other, with an additional ten years because appellant was a repeat violent offender." *Id.*

{¶ 4} Conducting a separate hearing, as noted by court entries, and pursuant to former R.C. 2950.09, the trial court also "adjudicated [appellant] a sexual predator." *State v. Draughon*, 10th Dist. No. 11AP-703, 2012-Ohio-1917, ¶ 2 ("*Draughon II*"). This finding relates to appellant's obligation to register as a "sexual predator" with the sheriff of the county within which he resides (after his release from prison, if released from prison) every 90 days for his lifetime (the "sexual predator classification").

{¶ 5} Appellant appealed the judgment, raising six assignments of error. In *Draughon I*, this court overruled appellant's assignments of error and affirmed the judgment of the trial court. This court "subsequently denied appellant's App.R. 26(B) application for reopening," and the Supreme Court of Ohio "denied appellant's motion to file a delayed appeal." *Draughon II* at ¶ 3.

{¶ 6} On January 13, 2011, appellant filed "a 'Motion to Vacate and Discharge,' claiming that his original sentence was void, was not a final appealable order, and failed to comply with Crim.R. 32(C)." *Id.* at ¶ 4. In that motion, appellant argued in part that "the trial court imposed a life sentence on the rape count without properly securing a qualifying prior conviction to support the attached sexually violent predator specification." *Id.* The trial court denied appellant's motion, and appellant appealed that decision.

{¶ 7}    On appeal, appellant argued (under his second assignment of error) that "his original sentence was void because the trial court erroneously imposed a sentence of ten years to life on the rape offense." *Id*. at ¶ 19. Specifically, appellant asserted the trial court "lacked the statutory authority to enhance [his] sentence on the rape offense because: (1) his 1984 rape conviction could not support the sexually violent predator specification, as it occurred prior to the enactment of R.C. 2971.01, and (2) the trial court was precluded by the Supreme Court of Ohio's decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238 * * * from using the underlying rape conviction to support the sexually violent predator specification." *Id*.

{¶ 8}    In addressing and rejecting that argument, this court noted the "rape charge in the indictment carried a sexually violent predator specification" and that "[a]fter the jury found appellant guilty of rape, the trial court found appellant to be a sexually violent predator as charged in the indictment. Thus, the trial court, pursuant to R.C. 2971.03(A)(3), enhanced appellant's sentence for the rape, imposing a prison term of ten years to life, instead of a definite prison term of three to ten years prescribed for rape." *Id*. at ¶ 20. Finding that "at the time of appellant's conviction and sentencing in 1997, the trial court was not precluded from using the underlying rape conviction to satisfy the sexual[ly] [violent] predator specification," this court determined "the trial court could have adjudged appellant to be a sexually violent predator because he was convicted of committing rape, a sexually violent offense, after January 1, 1997." *Id*. at ¶ 22.

{¶ 9}    In addressing appellant's argument based on the Supreme Court's decision in *Smith*, this court cited prior case law from our court holding that "*Smith* does not apply retroactively to closed cases." *Id*. at ¶ 24. Thus, we concluded, "at the time appellant was convicted and sentenced, the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the indictment." *Id*. This court overruled appellant's remaining assignments of error and affirmed the judgment of the trial court.

{¶ 10} On January 22, 2013, "appellant filed a 'Motion for Resentence,' " in which he argued "the trial court imposed an enhanced sentence on the rape count without properly securing a qualifying prior conviction to support the attached sexually violent predator specification." *State v. Draughon*, 10th Dist. No. 13AP-345, 2014-Ohio-1460, ¶ 6

("*Draughon III*"). In response, the state, citing this court's decision in *Draughon II*, argued that appellant's claims "are barred by res judicata." *Draughon III* at ¶ 6. By decision and entry filed April 3, 2013, the trial court denied the motion, and appellant appealed that decision.

{¶ 11} In *Draughon III*, this court affirmed the judgment of the trial court, finding appellant's assignments of error "advance nearly identical arguments to those asserted and decided in *Draughon II*," and are therefore barred by the doctrine of res judicata. *Id.* at ¶ 14. Specifically, this court noted that in *Draughon II*, "we stated 'this court has held that *Smith* does not apply retroactively to closed cases' and determined 'at the time appellant was convicted and sentenced, the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the indictment.' " *Draughon III* at ¶ 13, quoting *Draughon II* at ¶ 24.

{¶ 12} In 2015, appellant filed a petition in the Ross County Court of Common Pleas seeking "a writ of habeas corpus to compel his immediate release from the Chillicothe Correctional Institution," arguing that "the Franklin County trial court had lacked subject-matter jurisdiction to add a sentencing enhancement for his rape conviction because the sexually-violent-predator specification in the indictment was improper under *Smith*," and further asserting that "*Smith* should have been 'retrospectively' applied to his convictions and sentence." *Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 11 ("*Draughon IV*").

{¶ 13} The trial court dismissed appellant's petition, and appellant appealed that dismissal. In *Draughon IV*, the Fourth District Court of Appeals affirmed the judgment of the trial court, holding that the court "correctly dismissed Draughon's petition because: 1) he had an adequate remedy in the ordinary course of law and 2) res judicata barred him from raising the same claim that he had previously unsuccessfully raised in prior proceedings." *Id.* at ¶ 30.

{¶ 14} On December 22, 2016, appellant filed a motion to waive or suspend court costs, arguing that "the trial court, at his 1997 sentencing, did not properly deal with the issue of court costs and that as a result, his sentence was contrary to law and, therefore, he should be resentenced." *State v. Draughon,* 10th Dist. No. 17AP-149, 2017-Ohio-7741, ¶ 3 ("*Draughon V*"). The trial court denied the motion, noting in part "it had already

suspended all costs." *Id*. at ¶ 4. Appellant appealed that decision and, in *Draughon V*, this court affirmed the judgment of the trial court.

{¶ 15} On June 18, 2018, appellant filed a motion to vacate and set aside his sentence, asserting that "he could not be convicted of the sexually violent predator specification because the trial court did not properly determine that he was a sexually violent predator." *State v. Draughon*, 10th Dist. No. 18AP-709, 2019-Ohio-1461, ¶ 12 ("*Draughon VI*"). The trial court denied the motion, and appellant filed an appeal.

{¶ 16} On appeal, appellant raised one assignment of error in which he asserted the trial court "commits prejudicial error when it never adjudicates the defendant as a Sexual Predator as required by Ohio Revised Code 2971.02." *Draughon VI* at ¶ 9. In response, the state argued "this court has already rejected appellant's arguments and thus, his assignment of error is barred by res judicata." *Id*. at ¶ 13.

{¶ 17} In *Draughon VI*, this court agreed with the state's argument, noting that "[t]his court rejected appellant's argument in our 2012 decision" in *Draughon II*. *Id*. at ¶ 14. This court also observed that "[a]ppellant again raised this issue in a subsequent motion and an appeal [in *Draughon III*] from the trial court's denial" of his motion to vacate and discharge. *Id*. at ¶ 15.

{¶ 18} In rejecting appellant's latest motion seeking to challenge his sentence, this court, in *Draughon VI*, further held in part:

> Pursuant to his motion, appellant presents nearly identical arguments as those he has previously raised multiple times. Thus, because we have already issued a valid, final judgment on the merits of this issue, consideration of appellant's arguments are barred by the doctrine of res judicata.
>
> In his brief to this court, appellant attempts to also argue that the trial court never adjudicated him a sexual predator. [The state] argues that the trial court conducted a hearing on October 9, 1997 and found appellant to be a sexual predator.
>
> The indictment contained a rape count with a sexually violent predator specification. Appellant waived his right to a jury trial in writing on all the specifications. The trial court found him guilty. The trial court conducted a hearing on October 9, 1997 and found appellant guilty of the specifications and adjudicated him a sexual predator. * * * The trial court filed an entry to that effect on October 16, 1997. The trial court found, "For the

reasons stated on the record at the conclusion of that hearing, the Court determines by clear and convincing evidence that the defendant, Mickey Draughon is a sexual predator." (Oct. 16, 1997 Entry.) Thus, the trial court did adjudicate appellant a sexual predator despite appellant's arguments to the contrary.

*Id.* at ¶ 16-18.

{¶ 19} On November 10, 2021, appellant filed a pro se "Motion for a Nunc Pro Tunc Order and motion to vacate and set aside a portion of the Defendant'[s] Sentence that was imposed by the record contrary to law." In the accompanying memorandum in support, appellant argued "he was never properly adjudicated as a sexually violent predator, and states that this classification never occurred." (Nov. 10, 2021 Mot. at 2.) On November 16, 2021, the state filed a memorandum contra the motion.

{¶ 20} By decision and entry filed January 5, 2022, the trial court denied appellant's motion. The trial court held that "the issue raised by defendant in his motion allegedly occurred during sentencing," and that "[d]efendant could have, but did not, raise the issue at the time of sentencing or on direct appeal. As a result, the issue is barred by res judicata." (Jan. 5, 2022 Decision at 2.)

{¶ 21} On appeal, appellant sets forth the following assignment of error for this court's review:

> The appellant contends that the trial court abused its Discretion and denied him Substantive Due Process, Equal Protection of the Law, and Meaningful Access to the Court's [sic] Under the 1st, 5th, and 14th Amendments to the United States Constitution, where the trial court's refusal to enter a Nunc Pro Tunc entry to correct the court records, prejudiced the Appellant's Liberty Interests.

{¶ 22} Appellant's pro se brief is not a model of clarity, but we construe his argument to be that the trial court erred in refusing to enter a nunc pro tunc entry to correct court records based on his contention there is a "discrepancy" as to whether he was "adjudicated" a "[s]exual predator" or a "[s]exually violent predator." (Appellant's Brief at 1.) As noted under the facts, in his motion before the trial court, appellant asserted he was "never properly adjudicated as a sexually violent predator," and that "this classification never occurred." (Nov. 10, 2021 Mot. at 2.) On appeal, appellant argues that "[i]n 2012 * * * the appellate court [i.e., in *Draughon II*] found that defendant was adjudicated as a 'Sexual

Predator,' " while "[i]n 2019 * * * the appellate court [i.e., in *Draughon VI*] found that defendant was adjudicated as a 'Sexually Violent Predator.' " (Appellant's Brief at 1.)

{¶ 23} Appellant's argument is based on a misunderstanding of this court's prior decisions (and/or the distinction between a sexual predator classification and a sexually violent predator specification), and the issues he raises, as determined by the trial court, are barred by the doctrine of res judicata. Under Ohio law, the doctrine of "[r]es judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 10, citing *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421. The applicability of res judicata presents "a question of law, which an appellate court reviews de novo." *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10.

{¶ 24} As set forth above, in *Draughon II*, this court rejected appellant's contention that his original sentence was void because the trial court erred in imposing a sentence of ten years to life on the rape offense. In that decision, we noted "the rape charge in the indictment carried a sexually violent predator specification pursuant to R.C. 2941.148" and that, after the judge "found appellant to be a sexually violent predator," the trial court "enhanced appellant's sentence for the rape." *Draughon II* at ¶ 20. In overruling appellant's assignment of error, we concluded that "at the time appellant was convicted and sentenced, the trial court properly could find appellant guilty of the sexually violent predator specification based upon conduct alleged in the indictment." *Id.* at ¶ 24.

{¶ 25} In *Draughon III*, appellant again challenged his sentence, arguing that "the trial court imposed an enhanced sentence on the rape count without properly securing a qualifying prior conviction to support the attached sexually violent predator specification." *Draughon III* at ¶ 6. This court held that "the subject matter of appellant's current assignments of error was previously litigated and decided in *Draughon II*" and, therefore, "because we have already issued a valid, final judgment upon the merits of this issue, consideration of appellant's present assignments of error are barred by the doctrine of res judicata." *Draughon III* at ¶ 13-14.

{¶ 26} In a subsequent motion, appellant again sought to vacate his sentence based on the claim "he could not be convicted of the sexually violent predator specification because the trial court did not properly determine that he was a sexually violent predator."

*Draughon VI* at ¶ 12. In *Draughon VI*, this court observed we "rejected appellant's argument in our 2012 decision" (i.e., *Draughon II*). *Id.* at ¶ 14. We further noted that appellant "again raised this issue in a subsequent motion and an appeal," and that we had found (in *Draughon III*) his arguments barred by res judicata. *Id.* at ¶ 15. In *Draughon VI*, we again found appellant's arguments challenging the sexually violent predator specification were "barred by the doctrine of res judicata." *Id.* at ¶ 16.

{¶ 27} In *Draughon VI*, this court also addressed and rejected appellant's contention the trial court never adjudicated him a sexual predator. Noting that "[t]he trial court conducted a hearing on October 9, 1997 and found appellant guilty of the specifications and adjudicated him a sexual predator," this court overruled appellant's assignment of error. *Id.* at ¶ 18.

{¶ 28} Appellant's current motion challenging his sentence, based on issues and arguments previously raised and decided, is barred by the doctrine of res judicata. Accordingly, the trial court did not err in its application of the doctrine to deny the motion.

{¶ 29} Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____